IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| TERRENCE POUNCEY, | * | |
| Petitioner, | * | |
| v. | * | 1:11-CV-78-ID |
| | | (WO) |
| WARDEN, DOTHAN CITY JAIL, *et al.*, | * | |
| Respondents. | * | |

_____

### RECOMMENDATION OF THE MAGISTRATE JUDGE

On February 4, 2011 the court entered an order directing Petitioner to file an amended petition. (*Doc. No. 4*.) Petitioner was cautioned that his failure to file an amended petition would result in a Recommendation that this petition be dismissed. (*Id*.)

The requisite time has passed and Petitioner has not complied with the order of the court directing that he file an amended petition on or before February 18, 2011. Consequently, the court concludes that dismissal of this case is appropriate for Petitioner's failures to comply with the orders of the court and to prosecute this action.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Petitioner's failures to comply with the orders of this court and to prosecute this action.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said

Recommendation on or before **March 22, 2011**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 9th day of March 2011.

      /s/  Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE