IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TERRENCE POUNCEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 1:11-CV-78-TMH |
| | ) | [WO] |
| WARDEN, DOTHAN CITY JAIL, | ) | |
| *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a petition for habeas corpus filed by Petitioner on February 1, 2011 pursuant to § 28 U.S.C. § 2254.[1] Petitioner files this action alleging that he remained incarcerated past his release date with regard to his 2010 convictions for resisting arrest, possession of marijuana, and possession of drug paraphernalia entered against him by the Dothan Municipal Court. Specifically, Petitioner contends that the trial court sentenced him to 180 days imprisonment with his sentences to run concurrently but claims he remained incarcerated for 245 days.[2]

---

[1] Although the present petition was stamped "file" in this court on February 2, 2011, the envelope in which the petition was mailed was stamped February 1, 2011. A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). Accordingly, the court considers February 1, 2011 as the date of filing.

[2] In accordance with the prior proceedings and orders of the court, the captioned action is proceeding on the amended petition filed by Petitioner on April 27, 2011. (*See* Doc. Nos. 4, 11.)

1

Respondents filed an answer to Petitioner's amended petition for habeas relief. Petitioner filed a response. Because it is clear from the court file that Petitioner is no longer incarcerated on the sentences challenged in the instant action, the court finds that the instant application for habeas corpus relief is due to be dismissed as moot.

## I.  BACKGROUND

Warrants for Plaintiff's arrest were issued on June 6, 2010 for the offenses of resisting arrest, possession of marijuana, and possession of drug paraphernalia. Plaintiff was subsequently arrested on these charges on June 11, 2010. On June 24, 2010, Petitioner pled guilty to each offense in the Dothan Municipal Court. The municipal court sentenced Petitioner to ninety days imprisonment on his resisting arrest conviction followed by a two year probationary term. The court partially suspended the sentence and ordered Petitioner to serve a ten day sentence of imprisonment followed by a two year probationary term. Petitioner began service of this sentence on October 4, 2010.[3] Petitioner received a thirty day term of imprisonment on his conviction for possession of drug paraphernalia followed by a two year probationary term. He began service of this sentence on October 13, 2010. For his possession of marijuana conviction, the municipal court sentenced Petitioner to 180 days imprisonment. The court partially suspended the sentence and directed Petitioner to serve

---

[3] Although the municipal court sentenced Petitioner on June 24, 2010, he did not begin serving his sentences for the June 2010 offenses until October 4, 2010 when he completed serving a sentence in an unrelated municipal court case. (*See Ex. 23, Ex. D*.)

a 90 day term of imprisonment followed by a two year probationary term. Petitioner began service of this sentence on November 10, 2010, and it ended on February 8, 2011. (*Doc. No. 20, Ex. A*.)

## II. DISCUSSION

Courts do not sit to render advisory opinions. *North Carolina v. Rice*, 404 U. S. 244, 246 (1971). An actual controversy must exist at all times when the case is pending. *Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974). In a case such as this where the only relief requested is injunctive in nature, it is possible for events subsequent to the filing of the complaint to make the matter moot. *Nat'l Black Police Assoc. v. District of Columbia*, 108 F.3d 346, 350 (D.C. Cir. 1997) (change in statute); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner); *Tawwab v. Metz* 554 F.2d 22, 23 (2d Cir. 1977) (change in policy).

A claim becomes moot when the controversy between the parties is no longer alive because one party has no further concern in the outcome. *Weinstein v. Bradford*, 423 U.S. 147 (1975); *Saladin v. Milledgeville*, 812 F.2d 687, 693 (11th Cir. 1987). Article III of the United States Constitution confers jurisdiction on the district courts to hear and determine "cases" or "controversies." Federal courts are not permitted to rule upon questions which are hypothetical in nature or which do not affect the rights of the parties in the case before the court. *Lewis v. Cont'l Bank Corp.*, 494 US. 472, 477 (1990). Furthermore, "[t]his case-

or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . [I]t is not enough that a dispute was very much alive when the suit was filed." *Id*.

Because a habeas petition challenges prison officials' authority to keep a prisoner in custody, in general, the petitioner's release moots a habeas petition. *See Lane v. Williams,* 455 U.S. 624, 632 (1982). Where a released prisoner can demonstrate that the challenged conviction will cause him to suffer some future collateral consequences, however, a petition is not moot. *Id.*; *Carafas v. Lavalle*, 391 U.S. 234 (1968). Accordingly, where a petitioner seeks to challenge the validity of his underlying conviction, he can often satisfy the case-or-controversy requirement of Article III of the Constitution by showing that the conviction affects his ability to vote, engage in certain businesses, serve as juror, or hold public office. *Carafas,* 391 U.S. at 237.

While the presumption of collateral consequences may comport with the reality in the context of criminal convictions, the Supreme Court has held that the same cannot be said for other situations where a conviction is not being attacked. *Spencer v. Kemna,* 523 U.S. 1, 7-8 (1998). *See also Lane*, 455 U.S. at 624 (holding that where prisoner only challenges his sentence, and not his conviction, *Carafas* does not apply). "Thus, *Spencer* counsels a more cautious approach to the presumption of collateral consequences" requiring a petitioner to affirmatively allege and demonstrate such consequences. *See Beachem v. Schriro,* 141 F.3d 1292, 1294 (8th Cir. 1998) (citing *Spencer,* 523 U.S. at 12-14).

In this case, Petitioner's challenge is premised on jail officials' alleged failure to release him upon expiration of sentences imposed on him on June 24, 2010 by the Dothan Municipal Court. Petitioner is not challenging the underlying validity of his June 24, 2010 convictions or sentences. Consequently, Petitioner must either demonstrate that the challenged conduct will cause (or is still causing) him to suffer some actual, future harm and that a writ of habeas corpus can prevent this harm. Here, Petitioner fails to demonstrate that he is or will suffer any collateral consequences as a result of the conduct about which he complains.

Petitioner's ultimate objective in filing this action sought his release from an alleged expired term of imprisonment. Because Petitioner has been released from custody with respect to the challenged prison terms, the court can no longer provide him with the relief he seeks. Nor has Petitioner shown that he is suffering any current collateral consequences from the subject expired sentences or that he will suffer any collateral consequences in the future. Even if he did so allege, the mere possibility of future consequences is too speculative to give rise to a case or controversy. *See Spencer,* 523 U.S. at 7-8. *See also United States ex rel. Graham v. United States Parole Comm'n*, 732 F2d 849, 850 (11th Cir. 1984) (challenge to parole regulation mooted by release on parole as a favorable decision would not entitle petitioner to any additional relief); *Vandenberg v. Rodgers*, 801 F.2d 377, 378 (10th Cir. 1986) (habeas petition challenging determinations that delayed parole moot after petitioner released on parole). Further, although Petitioner requests damages for the "days of [his] life

that they took" (*Doc. No. 11 at 9*), his request for money damages is due to be dismissed as habeas corpus cannot be used to obtain money damages. *See Preiser v. Rodriquez*, 411 U.S. 475, 494 (1973) (dicta) ("In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy."). An action for damages is properly pursued in a civil rights action.

Based on the foregoing, the court finds that dismissal of the instant petition as moot is appropriate as reaching the merits of the arguments presented in this action would serve no purpose in light of expiration of the sentences challenged by Petitioner and his release therefrom.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The instant 28 U.S.C. § 2254 petition for habeas relief filed by Petitioner Terrence Pouncey be DISMISSED as moot; and

2. Petitioner's request for money damages be DISMISSED without prejudice.

It is further

ORDERED that on or before **March 25, 2013**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that

this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 11th day of March, 2013.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE